1  PAUL L. REIN, Esq. (SBN 43053)
2  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:  510/832-4787
5  info@reincleftonlaw.com

6  Attorneys for Plaintiff
7  JAMES LLEWELLYN

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES LLEWELLYN,                         CASE NO.
                                             Civil Rights
12          Plaintiff,
                                             **COMPLAINT FOR PRELIMINARY AND**
13      v.                                   **PERMANENT INJUNCTIVE RELIEF AND**
                                             **DAMAGES: DENIAL OF CIVIL RIGHTS**
14                                           **AND ACCESS TO PUBLIC FACILITIES TO**
    MG AUTO CONNECTION, INC. dba             **PHYSICALLY DISABLED PERSONS, PER**
15  HAYWARD MITSUBISHI; MOUSSA               **FEDERAL AND CALIFORNIA STATUTES**
    GROUP, LLC,                              **(including CIVIL CODE §§ 51, 52, 54, 54.1,**
16                                           **54.3 and 55; and HEALTH & SAFETY CODE**
17          Defendants.                      **§§ 19953 *et seq.*); INJUNCTIVE RELIEF PER**
                                             **TITLE III, AMERICANS WITH**
18                                           **DISABILITIES ACT OF 1990 (including 42**
                                             **USC §§ 12181 *et seq.*)**
19

20                                           DEMAND FOR JURY TRIAL

21

22          Plaintiff JAMES LLEWELLYN complains of Defendants MG AUTO CONNECTION,

23  INC. dba HAYWARD MITSUBISHI; MOUSSA GROUP, LLC, and each of them, and alleges as

24  follows:

25          1.      **INTRODUCTION:**  This case involves barriers to disabled access that prevented

26  and continue to prevent Plaintiff JAMES LLEWELLYN, a disabled wheelchair user from fully

27  accessing the Hayward Mitsubishi dealership located at 25601 Mission Blvd., Hayward,

28

                                      1

1   California.  Among other barriers, the parking, the path of travel to enter the building and

2   restroom were inaccessible to Plaintiff and similarly situated disabled individuals.

3          2.      Defendants denied disabled Plaintiff JAMES LLEWELLYN accessible public

4   facilities, including a compliant accessible restroom and paths of travel at the Hayward

5   Mitsubishi dealership.  Plaintiff JAMES LLEWELYN is a "person with a disability" or

6   "physically handicapped person" who requires the use of a wheelchair for mobility.  He is unable

7   to use portions of public facilities which are not accessible to mobility disabled persons.  On or

8   about May 19, 2020, Plaintiff was denied his rights to full and equal access at the Hayward

9   Mitsubishi dealership.  He was denied his civil rights under both California law and federal law,

10  and continues to have his rights denied, because these facilities were not, and are not now,

11  properly accessible to physically disabled persons, including those who use assistive devices for

12  mobility.

13         3.      Plaintiff seeks injunctive relief to require Defendants to make these facilities

14  accessible to disabled persons and to ensure that any disabled person who attempts to patronize

15  the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

16  damages for his discriminatory experiences and denial of access and of civil rights, which denial

17  is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

18  also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

19  federal and state law.

20         4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

21  section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

22  sections 12101 *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action

23  arising from the same facts are also brought under California law, including but not limited to

24  violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

25  54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

26  Code.

27         5.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

28  founded on the fact that the real property which is the subject of this action is located in this

district and that Plaintiff's causes of action arose in this district.

6.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7.      **PARTIES:**   Plaintiff is a "qualified" physically disabled person who cannot walk due to Multiple Sclerosis and who requires use of a wheelchair for locomotion.  He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible and van accessible parking space.  He has been issued a California state placard for disabled parking.

8.      Defendants MG AUTO CONNECTION, INC. dba HAYWARD MITSUBISHI; MOUSSA GROUP, LLC, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint (the "Dealership"). Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9.      Hayward Mitsubishi is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(E) of the Americans with Disabilities Act of 1990, including any "sales or rental establishment"; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief Hayward Mitsubishi and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also

known as the California Building Code.  Further, irrespective of the alteration history, such

premises are subject to the "readily achievable" barrier removal requirements of Title III of the

Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

## FIRST CAUSE OF ACTION:
## DAMAGES AND INJUNCTIVE RELIEF
## FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION
### (California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)

10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein

by reference as if separately repled hereafter.

11.     Plaintiff JAMES LLEWELLYN and other similarly situated physically disabled

persons, including those who require the use of a wheelchair or other assistive device for

mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is

in compliance with the provisions of California Health & Safety Code sections 19955 -19959.

Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected against policy

and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the

"Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right

as the general public to the full and free use of the streets, highways, sidewalks, walkways, public

buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities,

and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be

entitled to full and equal access, as other members of the general public, to accommodations,

advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places

to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the

ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also

incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

12.     Title 24, California Code of Regulations, formerly known as the California

Administrative Code and now also known as the California Building Code, was in effect at the

1    time of each alteration which, on information and belief, occurred at such public facility since

2    January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

3    each such "alteration, structural repair or addition" was carried out.  On information and belief,

4    Defendants and/or their predecessors in interest carried out new construction and/or alterations,

5    structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

6    been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

7    structural repairs, and/or additions which triggered access requirements at all relevant portions of

8    Hayward Mitsubishi to the A.S.A. (American Standards Association) Regulations then in effect,

9    pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.

10   Further, on information and belief, additions to the building after the initial construction also

11   occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

12   19959.  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per

13   42 USC sections 12182 and 12183 of the ADA.

14          13.     **FACTUAL STATEMENT**:  Plaintiff is a person disabled by multiple sclerosis

15   that affects his ability to walk and balance.  He uses a motorized wheelchair for locomotion.  He

16   has a disabled placard that he uses when he travels by motor vehicle.

17          14.     On or about May 19, 2020, Plaintiff drove his companion to the Dealership to look

18   at cars that he would assist her purchasing.  Upon arrival, Plaintiff could not find accessible

19   parking because there were no accessible or van accessible parking spaces adjacent to the

20   building or any of the entrances to it that he could see.   Driving further into the large parking lot,

21   he found only a single parking space that was designated as "accessible." However, a car which

22   on information and belief was owned and/or operated by the dealership that was "for sale" and

23   was parked in a position blocking the access aisle and leaving Plaintiff with insufficient space to

24   park his vehicle.  The picture below depicts the conditions:

25

26

27

28

5

1
2
3
4
5
6
7
8
9
10
11
12



13    15.    Plaintiff who needs use of his wheelchair to ambulate can only exit his vehicle

14  using a passenger-side ramp.  Therefore the presence of the red Mitsubishi vehicle blocking the

15  access aisle made parking impossible. Plaintiff noticed an employee walking by and asked him

16  what he should do.  The employee directed him to park anywhere.  Seeing no available parking

17  spaces, Plaintiff parked his car as close to the entrance ramp as he could.  This meant parking in

18  the driveway, exposing Plaintiff to the risk of being hit by a passing car as he disembarked his

19  vehicle.

20    16.    Plaintiff left his vehicle and headed for the ramp that led to the main entrance of

21  the dealership.  The ramp was excessively narrow and steep, causing Plaintiff some difficulty in

22  getting to the top.  When he reached the front entrance landing, the "landing" space in front of the

23  door was too small for proper wheelchair use.  A customer exiting the building on foot hit

24  Plaintiff's wheelchair, causing him embarrassment at taking up space where there was so little

25  room to maneuver.  With difficulty and several tries, Plaintiff was able to get into the showroom.

26    17.    Subsequent to Plaintiff's visit, his investigator observed and identified multiple

27  accessibility issues with the entrance ramp on September 22, 2020, as depicted and described in

28  the photos below, first from the side, and then heading up the ramp:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



The path of travel between the parking and the ramp up to the entrances is along unprotected driveway.

STAIRS AT SIDE ENTRANCE.

Inadequate contrasting striping.

Handrail extension at top and bottom of flight is inadequate

SIDE ENTRANCE.

Landing outside side entrance is too small.



The intermediate landings are too short.

The curb on the open side of the ramp does not raise high enough above the surface of the ramp and is a hazardous condition.

The ramp is too steep.

RAMP SERVING THE LOBBY SHOWROOM.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

18.    After Plaintiff and his companion spoke with the Mitsubishi sales team about various options that were available for sale or lease of a vehicle.  Then Plaintiff had need to use the restroom.  When he entered the restroom he was directed to he found it was too small and unusually configured single accommodation unisex restroom.  The toilet was placed in the middle of the rear wall such that the safety grab bars were over three feet away from the toilet, unusable for Plaintiff or anyone else.  Unable to use the restroom and in discomfort from his efforts do so, and upset about the multiple accessibility issues at the premises, Plaintiff and his companion decided to shop elsewhere and left the showroom.  Plaintiff had difficulty again with the small landing on exiting the dealership and again had to travel in the vehicular path of travel to get to and enter his vehicle.

19.    Subsequent to Plaintiff's visit, his investigator found several access deficiencies in the restroom on September 22, 2020, some of which are depicted in the photos below:



The toilet is set approximately 43" on center from the side wall, instead of the 18" required by the code.

The sanitary seat cover dispenser obstructs the usability of the grab bar.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



The clear floor space in front of the toilet is far less than the 60" minimum required.

16
17
18
19
20

     20.    Plaintiff's investigator also observed multiple additional barriers at the site that Plaintiff may encounter when he returns to the showroom.  Plaintiff is aware of these barriers, and Plaintiff is deterred from returning until they are made accessible.  He intends to return to Hayward Mitsubishi once all barriers to access are removed.  The additional barriers to access identified at Hayward Mitsubishi by Plaintiff's investigator are:

21
22
23
24
25
26
27

- The accessible parking space at the entrance to the lobby is not properly configured and the proper accessible signage is not provided.
- The path of travel to the accessible entrance to the lobby is along an unprotected vehicular driveway.
- The path of travel from the accessible parking to the curb ramp serving the ramp at the side entrance of the lobby goes directly behind parked cars and is obstructed by speed bumps.

28

- The curb ramp serving the ramp at the side entrance of the lobby is too narrow.
- The ramp leading to the side entrance of the lobby is too steep and the intermediate level landings are not large enough.  The curb on the open side of the ramp does not raise high enough above the surface of the ramp and is a hazardous condition.
- The landing at the top of the ramp leading to the side entrance of the lobby is too small.
- There is a loose mat on the interior side of the entrance to the show room lobby.
- There is a fold down door stop in the bottom 10" of the entry door to the show room lobby.
- The counter containing the self-service items such as coffee, tea and water inside the lobby is set too high and does not have a lowered section set at 36" above the finished floor.
- The designated van accessible parking space servicing the used cars sales office is not properly configured and the proper accessible signage is not provided.
- The path of travel to the used cars sales office is along a vehicular driveway and forces the disabled patron to travel behind parked cars.  The path of travel is also too steep, too narrow and contains obstructions.
- The single accommodation unisex restroom does not have proper signage on the exterior of the door.
- There is insufficient clear floor space in front of the toilet.
- The toilet is set farther than 18" on center from the side wall, making the grab bars impossible to use for assistance in transferring to the toilet.
- The sanitary seat cover dispenser obstructs the usability of the rear grab bar.
- The toilet paper dispenser is not located within 10" from the front face of the toilet.
- The accessories in the interior of the restroom such as the urinal, the mirror, the paper towel dispenser, and the soap dispenser are set too high.
- The pipes underneath the restroom sink are not insulated.
- The strike edge clearance provided on the interior of the restroom door is less than is required.

- The lock on the restroom door requires grasping and twisting to use.
- There is no accessible entrance to the used car sales office.
- The path of travel between the accessible parking and the curb ramp to the repair service office requires disabled patrons to travel in the middle of the vehicular driveway to avoid the speed bumps.
- The landing in front of the door to the repair service office is too narrow.
- The sidewalk along the west side of the repair service office is too narrow.
- The counter inside the repair service office is set too high and does not have a lowered section set at 36" above the finished floor.

21.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

22.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

23.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or

1   other assistive device for movement in public places.

2          24.    Plaintiff is deterred from returning to use these facilities, because the lack of

3   access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff

4   is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

5   and use of these public facilities.  Specifically, this dealership is approximately a 10 minute drive

6   from Plaintiff's home.  It has a good selection of used and new cars that Plaintiff and/or his

7   companion would use in the future when selecting a car for purchase or lease, and they intend to

8   return to the business once it is made accessible.  But Plaintiff cannot return to patronize Hayward

9   Mitsubishi and its facilities, and is deterred from further patronage, until these facilities are made

10  properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.

11  When Plaintiff shops for a new or used vehicle he intends to return to look at the inventory of

12  vehicles at Hayward Mitsubishi once it is made accessible, including its parking, paths of travel,

13  and restroom.

14         25.    The acts of Defendants have proximately caused and will continue to cause

15  irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

16  all inaccessible areas of the premises that he has personally encountered, and, as to all areas

17  identified during this litigation by Plaintiff's access consultant, that he or other physically

18  disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.

19  2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

20  *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own,

21  operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent

22  injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full

23  and equal access for disabled persons, and for reasonable statutory attorney fees, litigation

24  expenses and costs.

25         26.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

26  continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways

27  complained of and to require Defendants to comply forthwith with the applicable statutory

28  requirements relating to access for disabled persons.  Such injunctive relief is provided by

1  California Health & Safety Code section 19953 and California Civil Code section 55, California

2  and other law.  Plaintiff further requests that the Court award attorney fees, litigation expenses,

3  and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code

4  of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

5         27.  **DAMAGES:**  As a result of the denial of full and equal access to the described

6  facilities and due to the acts and omissions of Defendants and each of them in owning, operating,

7  leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a

8  violation of his civil rights, including but not limited to rights under Civil Code sections 54 and

9  54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and

10  emotional personal injuries, all to his damages per Civil Code section 54.3, including general and

11  statutory damages, and treble damages, as hereinafter stated.  On information and belief,

12  Defendants own and operate other car lots in the vicinity which have also been sued for disability

13  access issues, and thus have actual notice of the requirements for access under the ADA and state

14  law. Defendants' actions and willful omissions to act constitute discrimination against Plaintiff on

15  the basis that he was and is physically disabled and unable, because of the architectural and other

16  barriers created and/or maintained by the Defendants in violation of the subject laws, to use the

17  public facilities on a full and equal basis as other persons.  These violations have deterred

18  Plaintiff from returning to attempt to access Hayward Mitsubishi and will continue to cause him

19  damages each day these barriers to access continue to be present.

20         28.  **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendants' wrongful

21  conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all

22  times herein mentioned, Defendants were fully aware that significant numbers of potential users

23  of their public facilities were and are and will be physically disabled persons, including mobility-

24  impaired persons, and would have need of facilities that complied with California Title 24 and

25  ADAAG standards for accessible facilities. They have been sued before for access issues at other

26  locations. Despite this knowledge, Defendants installed and maintained the physical barriers

27  complained of, and failed to remove these barriers, and have failed to provide properly accessible

28  facilities, including but not limited to those previously noted hereinabove, as required by state and

1    federal law.  On information and belief, Defendants have ignored complaints about the lack of

2    proper disabled access by Plaintiff and by other disabled persons.  Plaintiff's agent investigated

3    the premises on September 22, 2020, and observed the same architectural and policy barriers that

4    Plaintiff complained of at his visit all of which are outlined above. Defendants maintained these

5    architectural barriers despite actual knowledge that Plaintiff was unable to fully access the

6    Hayward Mitsubishi dealership on May 19, 2020.  Thus, Defendants have continued their illegal

7    and discriminatory practices and policies despite actual knowledge that persons with physical

8    mobility disabilities have attempted to patronize Hayward Mitsubishi and encountered illegal

9    barriers which denied them full and equal access when they do so.

10         29.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable

11   diligence should have known, that their barriers and practices at the subject facilities violated

12   disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff

13   and upon other physically disabled persons, but Defendants have failed to rectify the violations,

14   and presently continue a course of conduct of maintaining architectural and policy barriers that

15   discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons,

16   Plaintiff alleges that an award of statutory treble damages is appropriate.

17         30.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

18   Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

19   statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

20   for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

21   seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

22   provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

23   19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

24   facilities accessible to all disabled members of the public, justifying "public interest" attorney

25   fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

26   Procedure section 1021.5 and other applicable law.

27         WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

28

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

31.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 30 of this Complaint and incorporates them herein as if separately re-pleaded.

32.    At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

33.    California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

34.    Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

35.    Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with

1  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

2      36.     The actions and omissions of Defendants as herein alleged constitute a denial of

3  access to and use of the described public facilities by physically disabled persons within the

4  meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

5  action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

6  sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

7  Plaintiff, according to proof.

8      37.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

9  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

10  statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

11  disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

12  seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

13  provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

14  intended to require that Defendants make their facilities and policies accessible to all disabled

15  members of the public, justifying "public interest" attorney fees, litigation expenses and costs

16  pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

17  applicable law.

18      WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

19  stated.

20  **THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
21  **42 USC §§ 12101** *et seq*

22      38.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

23  the allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates them

24  herein as if separately re-pleaded.

25      39.     In 1990 the United States Congress made findings that laws were needed to more

26  fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

27  that "historically, society has tended to isolate and segregate individuals with disabilities;" that

28

"such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

40.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

41.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

42.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

43.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or

17

leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

44.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any

barrier is found to be not "readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

45.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

46.    Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Hayward Mitsubishi and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

47.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAMES LLEWELLYN entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

48.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

1    implement the Americans with Disabilities Act of 1990.  Plaintiff JAMES LLEWELLYN is a

2    qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to

3    discrimination on the basis of disability in violation of Title III and who has reasonable grounds

4    for believing he will be subjected to such discrimination each time that he may use the property

5    and premises, or attempt to patronize Hayward Mitsubishi, in light of Defendants' policies and

6    physical premises barriers.

7            WHEREFORE, Plaintiff requests relief as outlined below.

8                                          **PRAYER**

9            Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

10   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

11   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

12   Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and

13   opposing legal positions as to Defendants' violations of the laws of the United States and the

14   State of California. The need for relief is critical because the rights at issue are paramount under

15   the laws of the United States and the State of California.

16          WHEREFORE, Plaintiff JAMES LLEWELLYN prays for judgment and the following

17   specific relief against Defendants:

18          1.      Issue a preliminary and permanent injunction directing Defendants as current

19   owners, operators, lessors, and/or lessees of the subject property and premises to modify the

20   above described property, premises, policies and related facilities to provide full and equal access

21   to all persons, including persons with physical disabilities; and issue a preliminary and permanent

22   injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide

23   facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

24   full and equal access, as required by law, and to maintain such accessible facilities once they are

25   provided; to cease any discriminatory policies, and to train Defendants' employees and agents in

26   how to recognize disabled persons and accommodate their rights and needs;

27          2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

28   Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

1    inaccessible public facilities and policies as complained of herein no longer occur, and cannot

2    recur;

3          3.        Award to Plaintiff all appropriate damages, including but not limited to statutory

4    damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

5    according to proof;

6          4.        Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

7    costs of this proceeding as provided by law;

8          5.        Award prejudgment interest pursuant to Civil Code section 3291; and

9          6.        Grant such other and further relief as this Court may deem just and proper.

10   Date: October 19, 2020                                REIN & CLEFTON

11

12                                                 */s/ Aaron Clefton*
                                                   By AARON CLEFTON, Esq.
13                                                 Attorney for Plaintiff
                                                   JAMES LLEWELLYN
14

15

16                                   **JURY DEMAND**

17          Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

18

19   Date: October 19, 2020                                REIN & CLEFTON

20

21                                                 */s/ Aaron Clefton*
                                                   By AARON CLEFTON, Esq.
22                                                 Attorney for Plaintiff
                                                   JAMES LLEWELLYN
23

24

25

26

27

28

21